IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION

BRANDON ASKEW, ADC #128557                                                PLAINTIFF

v.                    CASE NO. 2:16-CV-163 KGB/JTR

RODNEY FORD, ET AL.                                                      DEFENDANTS

PROTECTIVE ORDER

The parties stipulate and the Court orders:

1. Plaintiff, Brandon Askew, is an inmate incarcerated in the Arkansas Department of Correction. The Defendants are either former or current employees of the ADC.

2. Plaintiff and Defendants are currently conducting discovery in the above case. Plaintiff, by and through his counsel[1], has requested information and documents from Defendants. For example, Plaintiff has requested the staffing protocols and other policies for the Arkansas Department of Correction related to security measures that may not be accessible to inmates due to safety and security concerns. Plaintiff has also sought records of several other inmates, and the responses to Plaintiff's pending discovery may include confidential and sensitive information from several additional inmates. These examples are not exhaustive.

---

[1] The court ordered Defendants to produce discovery responses to Plaintiff's newly appointed counsel.

Exhibit A

3. It has long been the policy/practice of the Arkansas Department of Correction to prohibit inmates from gaining access to records, documents, information, and files that reveal confidential and private information concerning Arkansas Department of Correction employees, both current and former.

4. It has long been the policy/practice of the Arkansas Department of Correction to prohibit inmates from gaining access to records, documents, information, and files concerning other inmates.

5. Defendants believe that if requested information and documents are released and/or provided to an inmate, it would be not only prohibited contraband but would also be a threat to security and the good order of the institution

6. The parties anticipate that plaintiff may requests additional discovery including the depositions of witnesses/parties. Plaintiff's counsel may question Defendants regarding confidential matters, which defendants believe that if released to an inmate would also be a threat to security and the good order of the institution.

7. In order to resolve any confidentiality issues during the completion of discovery, Defendants have requested and Plaintiff, through legal counsel, has agreed to enter into this protective order as follows:

- "Counsel" is defined as counsel of record of the parties, and future counsel of record, their respective support staff including secretaries, para-professional assistants, and other assistants to whom it is necessary to disclose protected information for the purpose of this action.

Exhibit A

- "Qualified Individuals" are counsel of record, experts and other employees of such counsel who would be actively engaged in assisting counsel in connection with this action, court personnel, witnesses at trial or deposition, and the jury.
- "Confidential or Protected information or documents" includes information or documents concerning other inmates; plaintiff's institutional file; ADC staff investigations, disciplinary actions concerning inmates and/or ADC security officers; ADC staffing records; ADC rules, regulations, policies, and guidelines that are not accessible to inmates; confidential ADC policies, rules, regulations, and guidelines; personnel matters, including social security numbers, contact information, medical information, disciplinary records, salary/pay records, private personal information, such as but not limited to identification of family members; personnel and employment files, institutional records related to the care, custody, confinement or discipline of individual presently or previously committed to the custody of the Arkansas Department of Correction or any other correctional facility, security camera footage, security logs, medical and financial records. Protected information or documents also includes transcripts of the defendants and information or documents deemed protected information or documents by the parties.

Exhibit A

- The parties agree that protected information or documents will be held in confidence by counsel for plaintiff and will not be used for any purpose other than preparing and presenting the plaintiff's case to the United States District Court or to any court on appeal. Any protected information or documents shall remain in the custody of plaintiff's counsel and shall not be made available to Plaintiff or presented in any manner to him for examination.

- Protected information or documents shall not be disclosed nor shall copies be provided to plaintiff provided, however, that this provision shall not apply to the incidental disclosure to plaintiff during the course of arguments, evidence, or testimony presented at the trial of this matter. If any party desires protection against the incidental disclosure of such information or documents during the course of the trial of this matter, he or she may request additional relief by raising such matters to the Court.

- Neither plaintiff nor counsel for plaintiff shall, in any manner, transfer or communicate any of the protected information or documents to any person not a party to this litigation or deemed a consulting or testifying expert in this case.

- All protected information or documents furnished to counsel for plaintiff shall be destroyed or returned to defendants' counsel at the conclusion of this litigation and no later than ninety days following any final order

Exhibit A

and/or judgment. Neither plaintiff nor counsel for plaintiff will retain any copies.

- The parties agree that if records containing the protected information or documents are used in any motions, trial exhibits or are otherwise filed with the District Court, said records will be filed "under seal." However, apart from the requirement that the records be filed "under seal," nothing herein shall be construed to affect in any manner the use of admissibility at trial or any other court proceeding of any document, testimony, or other evidence.

- A party may declare, at the time of production, any information produced by that party to be Confidential or Protected Information and subject to this Order. Materials that are being designated as confidential/protected should be stamped "Confidential," or if Bates numbers are used, documents may be designated as confidential by bates number in a letter. A party may oppose a confidentiality designation in writing within 10 days of the designation, at which time the parties shall engage in a good faith effort to resolve the issue, and may move to remove the confidentiality designation if that fails.

8. Except with the prior written consent of the Defendant, or pursuant to further Order of this Court on motion with notice to the Defendant, no Confidential Information may be disclosed to any person other than "Qualified Persons."

Exhibit A

IT IS SO ORDERED this 9th day of November, 2017.

_____
Honorable Judge J. Thomas Ray
Chief Magistrate Judge


APPROVED AS TO FORM:

By:                  */s/* Kat Hodge

                      Ka Tina R. Hodge
                      Ark. Bar No. 2003100
                      Assistant Attorney General
                      Arkansas Attorney General's Office
                      323 Center Street, Suite 200
                      Little Rock, AR 72201
                      (501) 682-1307
                      KaTina.Hodge@arkansasag.gov
                      Attorneys for the Defendants


                      /s/ Gene McKissic
                      Gene McKissic & Associates
                      P.O. Box 9587
                      Pine Bluff, Arkansas 71611
                      (870) 692-2868
                      countrymack@aol.com
                      dorisdking30@aol.com


Exhibit A