UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

BRANDON ASKEW                                                                                    PLAINTIFF
ADC #128557

V.                                  2:16CV000163 KGB/JTR

RODNEY FORD, Captain, EARU;
JAMES MUNN, Lieutenant, EARU;
ROOSEVELT BARDEN, Sergeant, EARU;
and FRANK SCOTT, Sergeant                                                                    DEFENDANTS

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge Kristine G. Baker. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If you do not file objections, Judge Baker can adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may waive the right to appeal questions of fact.

### I. Introduction

On November 30, 2016, Plaintiff Brandon Askew ("Askew") filed this § 1983 action while he was incarcerated in the Cummins Unit of the Arkansas Department

of Correction ("ADC"). *Docs. 2 & 5.* On June 27, 2017, the Court allowed Askew to proceed with his failure to protect and inadequate medical care claims against Defendants Captain Rodney Ford, Lieutenant James Munn, Sergeant Roosevelt Barden, and Sergeant Frank Scott.[1] *Docs. 6 & 39.*

Defendants have filed two Motions to Dismiss due to Askew's failure to cooperate in discovery and diligently prosecute this case. *Docs. 63, 65 & 66.* Askew's appointed counsel has filed a Response and a Motion to Withdraw as Attorney. *Docs. 64 & 67.*

The relevant procedural history is as follows:

On September 27, 2017, the Court entered a Scheduling Order setting a discovery deadline of December 27, 2017. *Doc. 45.* On October 12, 2017, counsel was appointed to represent Askew, "[g]iven the seriousness of [his] claim and the difficulty he has experienced while trying to conduct discovery." *Doc. 49.* On November 27, 2017, Defendants propounded their First Set of Interrogatories and Requests for Production of Documents to Askew. *Doc. 57, Ex. B.* On January 26, 2018, the Court extended the discovery deadline to March 27, 2018. *Doc. 54.*

On March 26, 2018, Defendants filed a Motion to Compel, stating that, despite conferring in good faith with Askew's counsel and informally agreeing to extend the discovery deadline on two prior occasions, they had received no disclosures or

---

[1]The Court dismissed all other claims asserted by Askew. *Doc. 39.*

2

discovery responses from Askew, which had hindered their ability to prepare dispositive motions and, if necessary, prepare for trial. *Docs. 57 & 58*. The same day, Askew filed a Motion for Extension of Time to Complete Discovery, stating that he was scheduled to be released from the ADC on March 30, 2018, and had agreed to meet with counsel after that date to complete discovery. *Doc. 60*.

On April 5, 2018, the Court denied Defendants' Motion to Compel, extended the discovery deadline to June 5, 2018, and stated that no further extensions would be granted to Askew. *Doc. 62*. The Court concluded:

> Plaintiff's counsel is placed on notice that *if* he and his client fail to provide Defendants with the requested discovery, so that all discovery can be completed within the next sixty days, Defendants have the right to file a Motion to Dismiss based on Plaintiff's failure to provide them with responses to the outstanding interrogatories and requests for production of documents. Because it is implicit in Plaintiff's Motion for Extension of Time that he will promptly provide Defendants with the outstanding discovery and comply in scheduling any additional discovery, the Court expects him to cooperate with Defendants' counsel to ensure that all discovery is completed within the next sixty days.

*Id. at 2*.

On July 3, 2018, Defendants filed a Motion to Dismiss, stating that Askew had still not responded to their discovery requests. *Doc. 63*. In his Response, Askew stated that he and his counsel had an appointment scheduled for Thursday, July 26, 2018, and that discovery responses would be provided no later than August 2, 2018. *Doc. 64*.

On August 14, 2018, Defendants filed a Second Motion to Dismiss, stating that Askew had still not provided any discovery responses. They moved for dismissal of this § 1983 action, with prejudice, detailing their unsuccessful efforts to secure discovery responses from Askew since November 2017. *Docs. 65 & 66.* According to Defendants, "[i]t is patently clear that Plaintiff has no intent to prosecute this matter, participate in discovery, or comply with this court's orders." *Doc. 66, at 3.*

On August 17, 2018, Askew's counsel filed a Motion to Withdraw as Attorney. *Doc. 67.* In his Motion, counsel stated that: (1) he consulted with Askew in the ADC in March 2018, at which time Askew advised that he had a release date of March 30, 2018; (2) Askew did not provide a telephone number or address at the time of the consultation; (3) Askew agreed to appear at counsel's office on Monday, April 2, 2018, to prepare responses to discovery propounded by Defendants; (4) Askew did not appear at counsel's office on April 2, nor did he call to reschedule the appointment; (5) Askew did not contact counsel again until July 2018, at which time they scheduled a second appointment for Thursday, July 26, 2018; (6) Askew did not appear for the July 26 appointment; (7) counsel scheduled a third appointment for Saturday, July 28, 2018; (8) Askew called and rescheduled the appointment for July 30; and (9) Askew did not appear at the scheduled time on July 30, 2018.

According to counsel, he had not heard from Askew since July 28, 2018, and had unsuccessfully tried to contact Askew by telephone. Askew reportedly lived in Little Rock, but never provided a mailing address to counsel. Based on Askew's failure to cooperate or maintain any contact with counsel, counsel moved to withdraw from representation. Counsel advised the Court that he was unable to serve a copy of his Motion to Withdraw on Askew because he had no mailing address for him.

After counsel filed his Motion to Withdraw, the Court tried to reach Askew by telephone to obtain a current mailing address, with no success.[2] On August 30, 2018, the Court: (1) directed the Clerk to mail a copy of counsel's Motion to Withdraw, along with a copy of the docket sheet, to Askew at the last address provided to the Court; and (2) ordered Askew to respond to counsel's Motion on or before September 13, 2018; and (3) advised Askew that his failure to comply with the Court's Order would result in dismissal of his case for failure to prosecute. *Doc. 68*. Askew has not responded to the Order, and the deadline has passed.

## II. Discussion

Federal Rule of Civil Procedure 37(b)(2)(A) provides, in pertinent part, that a court may dismiss an action if "a party . . . fails to obey an order to provide or permit

---

[2]Two calls on August 22, 2018, were unanswered. On August 27, 2018, the Court left a message on what appeared to be Askew's voice-mail. There has not been a return call.

5

discovery." Similarly, a court may dismiss a cause of action if a plaintiff "fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b).

The Eighth Circuit has "recognized that dismissal with prejudice is an extreme sanction that should be used only in cases of willful disobedience of a court order or where a litigant exhibits a pattern of intentional delay." *Arnold v. ADT Security Services, Inc.,* 627 F.3d 716, 722 (8th Cir. 2010). Although a plaintiff need not have acted in bad faith, the court must find that the plaintiff "acted intentionally as opposed to accidentally or involuntarily." *Id.* The Court "should weigh its need to advance its burdened docket against the consequence of irrevocably extinguishing the litigant's claim and consider whether a less severe sanction could remedy the effect of the litigant's transgressions on the court and the resulting prejudice to the opposing party." *Id.*

Given Askew's persistent and willful refusal to comply with the Orders of this Court and his pattern of intentional delay, over a period of almost six months, I recommend that an Order be entered that dismisses this case, with prejudice. Askew failed to comply with three discovery deadlines set in three separate Court Orders. *Docs. 45* (Dec. 27, 2017)*, 54* (Mar. 27, 2018) *& 62* (June 5, 2018). After his release from the ADC in March 2018, he failed to communicate with his attorney, failed to show up for three scheduled appointments with counsel, failed to provide a mailing address to his attorney or this Court, failed to return telephone calls to his attorney

6

and this Court, and failed to respond to the Court's August 30, 2018 Order directing him to respond to counsel's Motion to Withdraw. This record demonstrates that Askew "acted intentionally as opposed to accidentally or involuntarily" in refusing to cooperate in discovery efforts and to prosecute his case diligently.

Accordingly, the Court recommends that: (1) counsel's Motion to Withdraw (*Doc. 67*) be GRANTED; (2) Defendants' Motions to Dismiss (*Docs. 63 & 65*) be GRANTED; and (3) this case be DISMISSED, in its entirety, with prejudice.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Counsel's Motion to Withdraw as Attorney (*Doc. 67*) be GRANTED.

2. Defendants' Motion to Dismiss and Second Motion to Dismiss *(Docs. 63 & 65)* be GRANTED.

3. Askew's Complaint and Amended Complaint (*Docs. 2 & 5*) be DISMISSED, WITH PREJUDICE.

4. The Clerk is directed to mail a copy of this Recommendation to Askew at the last address he provided to this Court: 2707 South Arch Street, Little Rock, AR 72206. *See Doc. 55, at 2.*

DATED this 26th day of September, 2018.

_____
UNITED STATES MAGISTRATE JUDGE